841 So.2d 768 (2003)
STATE ex rel Cedric EDWARDS
v.
Burl CAIN.
No. 2002-KP-0514.
Supreme Court of Louisiana.
March 21, 2003.
PER CURIAM.
Writ granted; case remanded. For the first time in this Court, relator has raised the question of whether he is exempt from capital punishment by reason of mental retardation. See Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). Because the issue is a matter for the district court in the first instance, and because "not everyone faced with a death penalty sentence will automatically be entitled to a post-Atkins hearing," State v. Williams, 01-1650, p. 27 (La.11/1/02), 831 So.2d 835, 857 (implementing Atkins), it is not appropriate for this Court to address the merits at this time or to order an evidentiary hearing on the claim. On remand *769 of this case, the district court is to consider pleadings from relator and from the state and determine whether relator has "provided objective factors that ... put at issue the fact of mental retardation." Williams, 01-1650 at 27, 831 So.2d at 857. If relator carries his burden in that regard, and if the court finds reasonable grounds to believe that relator is mentally retarded, it shall hold a hearing at which the court will take testimony and other evidence and determine whether relator is mentally retarded and so may not be executed. Id., 01-1650 at 29-32, 831 So.2d at 858-60.
If the court concludes that relator is not mentally retarded, and thus not exempt from capital punishment, it must vacate its previous order summarily denying his pro forma "shell" application and provide counsel with a reasonable opportunity to prepare and litigate expeditiously an application for post-conviction relief on relator's other claims. State ex rel. Hampton v. State, 00-2523 (La.8/31/01), 795 So.2d 1198.