|.PER CURIAM.
Writ granted; case remanded. The determination of whether a defendant sentenced to death has shown reasonable grounds to put at issue the fact of mental retardation ordinarily rests in the first instance with the trial court. State v. Williams, 01-1650, p. 27 (La.11/1/02), 831 So.2d 835, 857. However, on direct appeal of relator’s conviction and sentence we remanded the case for the determination of relator’s mental status because the uncon-tradicted testimony of Dr. Marc Zimmerman provided “reasonable ground to doubt whether defendant is mentally retarded.” *1184 State v. Dunn, 01-1635, p. 30 (La.11/1/02), 831 So.2d 862, 887. That finding by this Court obviates the need for relator to satisfy this threshold requirement again in the district court. Accordingly, the district court is ordered to hold a hearing at which the court will take testimony and other evidence in accord with the procedures set out in Dunn and Williams and determine whether relator is mentally retarded and so may not be executed. Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). Because this Court has | ¡retained jurisdiction over this case for review of the penalty phase of relator’s trial, pending the outcome of the proceedings in the district court, Dunn, 01-1635 at 31, 831 So.2d at 887-88, either party may appeal to this Court from an adverse ruling by the district court on the question of whether relator is mentally retarded and so exempt from capital punishment.