974 So.2d 658 (2008)
STATE of Louisiana
v.
James DUNN.
No. 2007-KK-0878.
Supreme Court of Louisiana.
January 25, 2008.
Rehearing Denied March 7, 2008.
Charles C. Foti, Jr., Attorney General, Anthony G. Falterman, District Attorney, Donald David Candell, Robin Catherine O'Bannon, Assistant District Attorneys, for applicant.
Capital Post-Conviction Project of Louisiana, Denise LeBoeuf, Sarah Lynn Ottinger; Baton Rouge Capital Conflict Office, Kyla Blanchard-Romanach, David William Price, for respondent.
*659 PER CURIAM.
We granted the State's writ application to review the correctness of the trial court's ruling granting defendant a jury trial pursuant to La. C. Cr. P. art. 905,5.1 in order to determine if defendant is mentally retarded. For the following reasons, we reverse the ruling of the trial court, and remand this matter for further proceedings.

FACTUAL AND PROCEDURAL HISTORY
On March 18, 1999, defendant, James Dunn, was convicted by a jury of two counts of first degree murder, and sentenced to death on each count. Defendant appealed his conviction and sentence to this Court. Subsequent to the submission of briefs on the appeal, but prior to this Court's ruling, the United States Supreme Court rendered its opinion in Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), which held that the execution of mentally retarded persons violates the Eighth Amendment's prohibition against cruel and unusual punishment. This Court affirmed Dunn's conviction, but remanded the case for a hearing on the issue of whether or not Dunn is mentally retarded. State v. Dunn, 01-1635 (La.11/1/02). 831 So.2d 862 ("Dunn I)". Specifically, this Court ordered that the matter be "remanded to the district court to conduct a hearing in conformity with the procedure outlined in this case. We retain jurisdiction for review of the penalty in the event defendant is not determined to be mentally retarded." Id. at 888-889.
On remand, Dunn filed a motion to appoint experts and to set an Atkins hearing. The State objected to the Atkins hearing, contending that Dunn had not made the required threshold showing as to his mental retardation. The trial court agreed with the State, and held that Dunn was not entitled to an Atkins hearing. Dunn then sought review of that decision by this Court.
In a per euriam opinion, this Court stated that the determination of whether a defendant sentenced to death has shown reasonable grounds to put at issue the fact of mental retardation ordinarily rests in the first instance with the trial court; however, we noted that this Court had previously remanded the case for the determination of Dunn's mental status because the evidence provided "reasonable ground to doubt whether defendant is mentally retarded." State v. Dunn, XXXX-XXXX (La.S/9/03), 847 So.2d 1183 ("Dunn II)". We held that this finding obviated the need for Dunn to satisfy this threshold requirement again in the district court. Thus, this Court ordered the trial court "to hold a hearing at which the court will take testimony and other evidence in accord with the procedures set out in Dunn and Williams and determine whether relator is mentally retarded and so may not be executed." Id at 1184.
Prior to the scheduled Atkins hearing in the trial court, Dunn filed a motion for a jury trial, arguing that he was entitled to a jury determination of his mental retardation, and/or, a new sentencing hearing pursuant to La. C. Cr. P. art. 905.5.1. The trial court granted Dunn's motion for jury trial, but denied the motion for a new sentencing hearing. The State then filed the instant writ application.

DISCUSSION
In Atkins, the United States Supreme Court held that the execution of mentally retarded persons violates the prohibition against cruel and unusual punishment contained in the Eighth Amendment. Atkins, 536 U.S. at 321, 122 S.Ct. at 2252. However the Court provided no implementation guidelines, but rather "left to the states *660 the task of developing appropriate ways to enforce the constitutional restriction upon its execution of sentences." Atkins, 536 U.S. at 317, 122 S.Ct. at 2242.
On the same date that this Court remanded the Dunn case for a hearing to determine mental retardation, this Court issued its ruling in State v. Williams, XXXX-XXXX (La.11/1/02), 831 So.2d 835. In Williams, this Court responded to. Atkins by holding that the determination of a defendant's mental retardation was an issue for the court to decide. We noted that the specifics of remanding a case on an Atkins claim was res nova in Louisiana, and in the interim between our decision in Williams and legislative action on the subject, we instructed trial courts to treat the issue procedurally as they would treat pretrial competency hearings, for which statutory criteria already existed. Williams, 831 So.2d at 858.
Following Williams, and before a hearing was held on the issue of Dunn's mental retardation, the Louisiana legislature enacted La. C. Cr. P. art. 905.5.1, which prohibits the execution of the mentally retarded, provides procedures for raising and trying the issue, and defines mental retardation for the purpose of exemption from capital punishment. Specifically, this article provides:
Art. 905.5.1. Mental retardation
A. Notwithstanding any other provisions of law to the contrary, no person who is mentally retarded shall be subjected to a sentence of death.
B. Any capital defendant who claims to be mentally retarded shall file written notice thereof within the time period for filing of pretrial motions as provided by Code of Criminal Procedure Article 521.
C. (1) Any defendant in a capital case making a claim of mental retardation shall prove the allegation by a preponderance of the evidence. The jury shall try the issue of mental retardation of a capital defendant during the capital sentencing hearing unless the state and the defendant agree that the issue is to be tried by the judge. If the state and the defendant agree, the issue of mental retardation of a capital defendant may be tried ,prior to trial by the judge alone.
(2) Any pretrial determination by the judge that a defendant is not mentally retarded shall not preclude the defendant from raising the issue at the penalty phase, nor shall it preclude any instruction to the jury pursuant to this Section.
D. Once the issue of mental retardation is raised by the defendant, and upon written motion of the district attorney, the defendant shall provide the state, within time limits set by the court, any and all medical, correctional, educational, and military records, raw data, tests, test scores, notes, behavioral observations, reports, evaluations, and any other information of any kind reviewed by any defense expert in forming the basis of his opinion that the defendant is mentally retarded.
E. By filing a notice relative to a claim of mental retardation under this Article, the defendant waives all claims of confidentiality and privilege to, and is deemed to have consented to the release of, any and all medical, correctional, educational, and military records, raw data, tests, test scores, notes, behavioral observations, reports, evaluations, expert opinions, and any other such information of any kind or other records relevant or necessary to an examination or determination under this Article.

*661 F. When a defendant makes a claim of mental retardation under this Article, the state shall have the right to an independent psychological and psychiatric examination of the defendant. A psychologist conducting such examination must be licensed by the Louisiana State Board of Examiners of Psychologists. If the state exercises this right, and upon written motion of the defendant, the state shall provide the defendant, within time limits set by the court, any and all medical, correctional, educational, and military records, and all raw data, tests, test scores, notes, behavioral observations, reports, evaluations, and any other information of any kind reviewed by any state expert in forming the basis of his opinion that the defendant is not mentally retarded. If the state fails to comply with any such order, the court may impose sanctions as provided by Article 729.5.
G. If the defendant making a claim of mental retardation fails to comply with any order issued pursuant to Paragraph D of this Article, or refuses to submit to or fully cooperate in any examination by experts for the state pursuant to either Paragraph D or F of this Article, upon motion by the district attorney, the court shall neither conduct a pretrial hearing concerning the issue of mental retardation nor instruct the jury of the prohibition of executing mentally retarded defendants.
H. (1) "Mental retardation" means a disability characterized by significant limitations in both intellectual functioning and adaptive behavior as expressed in conceptual, social, and practical adaptive skills. The onset must occur before the age of eighteen years.
(2) A diagnosis of one or more of the following conditions does not necessarily constitute mental retardation:
(a) Autism.
(b) Behavioral disorders.
(c) Cerebral palsy and other motor deficits.
(d) Difficulty in adjusting to school.
(e) Emotional disturbance.
(f) Emotional stress in home or school.
(g) Environmental, cultural, or economic disadvantage.
(h) Epilepsy and other seizure disorders.
(i) Lack of educational opportunities.
(j) Learning disabilities.
(k) Mental illness.
(l) Neurological disorders.
(m) Organic brain damage occurring after age eighteen.
(n) Other handicapping conditions.
(o) Personality disorders.
(p) Sensory impairments.
(q) Speech and language disorders.
(r) A temporary crisis situation.
(s) Traumatic brain damage occurring after age eighteen.
The real dispute in this case arises because of the apparent limited scope of La. C. Cr. P. art. 905.5.1, which reflects the legislature's preference that a jury determine all issues relevant to a capital sentencing determination in a single proceeding. However, the statute does not purport to address the determination of mental retardation in any other context. Thus, the legislature has not specifically provided for post-verdict, and/or post-sentencing hearing situations, where the claim of an Atkins exemption is made for the first time, as is the case here, and where it is not possible for a single fact-finder *662 to resolve all issues relating to capital punishment in the same capital sentencing proceeding by the same jury that determined defendant's guilt.
While the statutory language of La. C. Cr. P. art. 905.5.1 does, not specifically address whether the procedures are applicable in a case that is remanded, post-trial and post-sentencing, for an Atkins hearing, we find that, by its terms, Article 905.5.1 does not apply to the present situation. The language of La. C. Cr. P. art. 905.5.1 specifically provides that the issue of mental retardation must be raised pre-trial by the defendant, and requires that the jury try the issue during the capital sentencing hearing.[1] These statutory requirements obviously cannot be accomplished in a case that is remanded post-trial and post-sentencing for an Atkins hearing.[2]
Because the legislature has not established a procedure to be used for Atkins hearings conducted post-trial and/or post-sentencing, the state of the law for cases in a post-verdict posture is the same as it was at the time we issued our decision in Williams.
In Williams, this Court gave the following instructions to the trial courts:
As to the procedures to be used for post-Atkins hearings, we instruct the trial courts as follows: 1) to order a pre-trial evidentiary hearing on the issue of mental retardation when the court has "reasonable ground" to believe a defendant is mentally retarded, LSA-C.Cr.P. art. 643; 2) to hold the hearing before a judge, not a jury; and 3) to require the defendant to prove by a preponderance of the evidence that he meets the criteria established in Louisiana's statutory definition of mental retardation, LSA-28:381. (Emphasis added)
Because we find that La.C.Cr.P. art. 905.5.1 does not apply to this case, we hold that the procedure that we set forth in Williams to handle Atkins hearings should be applied in cases in a post-trial Posture. If the legislature intended that La. C. Cr. P. art. 905.5.1 apply to post-trial, post-sentencing Atkins hearings, we trust that it will amend the Article to clarify its application.
We acknowledge that this Court has apparently created some confusion about this issue as a result of our decision in the case of Dunn's co-defendant, Anthony Scott. In State v. Scott, XXXX-XXXX (La.1/19/06), 921 So.2d 904, this Court considered the appeal of Anthony Scott. As in Dunn I, this Court affirmed Scott's conviction, but remanded the matter to the district court "for it to conduct a hearing in conformity [with] La. C. Cr. P. art. 905.5.1." Scott, 921 So.2d at 960.[3] To the extent that our *663 decision in Scott orders trial courts to follow the procedures of La. C. Cr. P. art. 905.5.1 to conduct Atkins hearings in posttrial, remanded cases, it is overruled. We hold that the procedure outlined by this Court in Williams is to be used to handle Atkins hearing in all cases where the question of mental retardation arises post-verdict.

DECREE
For the above reasons, the ruling of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
KNOLL, J., concurs.
WEIMER, J., dissents and assigns reasons.
WEIMER, J., dissenting.
I respectfully dissent. As indicated in my concurrence in State v. Turner, 05-2425 (La.7/10/06), 936 So.2d 89, 105, this court was required in State v. Williams, 01-1650 (La.11/1/02), 831 So.2d 835, and State v. Dunn, 01-1635 (La.11/1/02), 831 So.2d 862, to provide a procedure where none existed by cobbling together analogous statutory provisions. Williams invited the legislature to enact a statutory procedure.
The legislature responded, albeit not in a post-trial proceeding, indicating the issue of mental retardation shall be decided by a jury unless the State and the defendant agree to have the matter decided by a judge. See LSA-C.Cr.P. art. 905.5.1(C).
No specific procedure exists for the resolution of the issue of mental retardation post-trial. Nevertheless, our role is to follow the statutory dictates of the legislature. The most analogous statutory provision provides for a jury trial absent an agreement of the State and defendant.
Consequently, I would remand pursuant to LSA-C.Cr.P. art. 905.5.1 which provides for a jury trial unless the State and defendant agree that the issue of mental retardation be tried before a judge.
NOTES
[1] La. C. Cr. P. art. 905.5.1(A): Any capital defendant who claims to be mentally retarded shall file written notice thereof within the time period for filing of pretrial motions as provided by Code of Criminal Procedure Article 521. (Emphasis added)

La. C. Cr. P. art. 905,5.1(C): The jury shall try the issue of mental retardation of a capital defendant during the capital sentencing hearing unless the state and the defendant agree that the issue is to be tried by the judge. (Emphasis added)
[2] Moreover, La, C. Cr. P. art. 905,5.1(G) instructs as to sanctions where the defendant fails to comply with an order to provide documentation reviewed by any defense expert, which sanctions include the refusal to conduct a pretrial hearing concerning the issue of mental retardation and the refusal to instruct the jury of the prohibition of executing mentally retarded defendants.
[3] As in Dunn I, this Court retained jurisdiction for review of the penalty in the event Scott is not determined to be mentally retarded. Scott, 921 So.2d at 960.