JOHNSON, J.,
dissents and assigns reasons:
LI respectfully dissent. I believe it is error to relegate to post-conviction relief the pivotal issue of whether the defendant is mentally retarded and thus exempt from execution pursuant to the United States Supreme Court decision of Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).
The defendant filed a “Motion to Quash Indictment,” alleging that she suffered from “neurological and psychological deficiencies” that disqualified her from the death penalty based on the Supreme Court’s reasoning in Atkins. The State argued in opposition that “a factual defense to any charge (such as minority or mental retardation at the time of offense) is not a proper ground for a motion to quash” and that the matter should be decided by a jury.
*100 An extensive pretrial hearing was held, and the defendant presented testimony from a psychiatrist and a psychologist, who both concluded that based on the |2definition set out in Louisiana Code of Criminal Procedure article 905.5.1, the defendant suffered from mental retardation. The trial court judge denied the defendant’s motion to quash, concluding that “as a matter of law that there is no legal basis to grant the motion to quash.”
A week before trial, the defendant filed a “Motion to Re-Urge the Motion to Quash the Indictment,” which was denied, claiming that neuro-imaging of her brain revealed abnormalities and impairments further establishing that she suffered from fetal alcohol syndrome, which rendered her ineligible for execution under Atkins. The defendant also raised the issue at the penalty phase in argument for mitigation for sentencing when she presented evidence from three experts alleging that she suffered from fetal alcohol syndrome.
Although Atkins prohibits the States from executing mentally retarded persons, Atkins left to the States the task of developing guidelines for implementation. The Louisiana legislature has enacted LSA-C. Cr. P. art. 905.5.1, which prohibits the execution of the mentally retarded, provides procedures for raising and trying the issue, and defines mental retardation for the purpose of exemption from capital punishment. LSA-C.Cr. Pr. art. 905.5.1 reflects the legislature’s preference that a jury determine all issues relevant to a capital sentencing determination in a single proceeding.
Specifically, Art. 905.5.1. provides, in pertinent part:
A.Notwithstanding any other provisions of law to the contrary, no person who is mentally retarded shall be subjected to a sentence of death.
B. Any capital defendant who claims to be mentally retarded shall file written notice thereof within the time period for filing of pretrial motions as provided by Code of Criminal Procedure Article 521.
C. (1) Any defendant in a capital case making a claim of mental retardation shall prove the allegation by a preponderance of the evidence. The jury shall try the issue of mental retardation of a capital defendant during the capital sentencing hearing unless the state and the defendant agree that the issue is to be tried by the judge. If the state and the defendant agree, lathe issue of mental retardation of a capital defendant may be tried prior to trial by the judge alone.
(2) Any pretrial determination by the judge that -a defendant is not mentally retarded shall not preclude the defendant from raising the issue at the penalty phase, nor shall it preclude any instruction to the jury pursuant to this Section.
The majority concludes that the defendant has not preserved the issue of mental retardation for review because she failed to file notice, or request jury instruction regarding same. However, Article 905.5.1 must be scrupulously followed. The fact that the trial court judge made pretrial determinations on the issue of the defendant’s mental retardation, does not preclude the court’s instruction to the jury so that the jury can make the ultimate determination. I believe that when the death penalty is sought, it is incumbent upon the trial court judge to insure that when the issue of a defendant’s mental retardation is raised, the issue is determined by the jury as legislatively mandated.

CONCLUSION

For the reasons assigned, I would pre-termit review of the merits of the defen *101 dant’s conviction and sentence. Like State v. Dunn, 2007-0878 (La.1/25/08), 974 So.2d 658 this case is now in a post-verdict procedural posture, and must be remanded.