PER CURIAM.
 

 | xWrit granted; case remanded to the district court. Pursuant to
 
 O’Sullivan v. Boerckel,
 
 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), when a state provides a two-tier system of review, the petitioner must seek relief at both levels of review to satisfy exhaustion requirements for federal habeas corpus proceedings.
 
 See also Castille v. Peoples,
 
 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989) (exhaustion requirement not satisfied by “submission of a new claim to a State’s highest court on discretionary review”). Accordingly, our denial of writs in
 
 State ex rel. Tart v. Cain,
 
 02-2132 (La.11/26/03), 860 So.2d 1126, in which relator sought relief on the basis of the intervening decision in
 
 Atkins v. Virginia,
 
 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002) (execution of mentally retarded persons constitutes an excessive punishment and thus violates the Eighth Amendment) without presenting the claim first to the district court does not preclude further proceedings designed to produce a definitive answer to the question of whether relator is mentally retarded and so |2exempt from capital punishment. Given the retroactivity of
 
 Atkins
 
 to death row inmates on collateral review,
 
 see State ex rel. Edwards v. Cain,
 
 02-0514 (La.3/21/03), 841 So.2d 768;
 
 see also Bell v. Cockrell,
 
 310 F.3d 330, 332 (5th Cir.2002)(same) (citing
 
 Penry v. Lynaugh,
 
 492 U.S. 302, 330, 109 S.Ct. 2934, 2953, 106 L.Ed.2d 256 (1989)), the district court is ordered to make a substantive ruling on whether relator qualifies as mentally retarded under
 
 Atkins
 
 and is hence ineligible for execution.
 
 See State v. Dunn,
 
 02-0878, p. 7 (La.1/25/08), 974 So.2d 658, 662-63. Although the district court has already taken evidence on the
 
 Atkins
 
 issue, it may conduct further evidentiary proceedings as it deems necessary to address the claim fully on the merits. Relator may seek review in this Court from any adverse ruling by the district court.