*626 Applying for Supervisory and/or Remedial Writs, Parish of Calcasieu, 14th Judicial District Court Div. G, No. 20179.
PER CURIAM.
[ iWrit granted. Petitioner asserts for the first time in post-conviction proceedings that he is mentally retarded and therefore he cannot be executed without violating the Eighth Amendment’s prohibition against cruel and unusual punishment. See generally Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). Petitioner asked to be examined by a panel of experts, he opposes the state’s request to have him independently examined by the state’s expert, and opposes the state’s request for extensive records including all medical and educational records as well as any notes and raw test scores produced by any defense expert. Petitioner also requested the assistance of counsel during any expert examination. The district court, while expressly reserving the question whether petitioner has shown reasonable grounds to believe that he is mentally retarded, ordered that petitioner waive privilege and provide all documents listed in La.C.Cr.P. art. 905.5.1(D), found that petitioner must be examined by an expert of the state’s choice, and determined that the court will then decide in a contradictory hearing whether to appoint a panel of experts.
This Court in State v. Dunn, 07-0878, p. 5 (La.1/25/08), 974 So.2d 658, 662, found that the statutory language used in La.C.Cr.P. art. 905.5.1 showed that the article does not apply where the claim of an Atkins exemption is made for the first 12time post-conviction. Instead, this Court found that the procedure to be followed to evaluate an Atkins exemption raised post-conviction was the same as explained in State v. Williams, 01-1650 (La.11/1/02), 831 So.2d 835, and the Court reiterated that procedure in Dunn, 07-0878 at 6-7, 974 So.2d at 662. The first step in that determination is for the district court to “order a pre-trial evidentiary hearing on the issue of mental retardation when the court has ‘reasonable ground’ to believe a defendant is mentally retarded” just as when a defendant’s mental incapacity to proceed has been raised. See La.C.Cr.P. art. 643. Although the district court may, as in State ex rel. Seals v. State, 00-2738 (La.10/25/02), 831 So.2d 828, appoint an expert to assist the court in making that threshold determination, it is not required to do so. Therefore, because the district court is not at this stage of the proceedings making the ultimate determination of whether petitioner is mentally retarded and so exempt from capital punishment, but determining only whether reasonable grounds exist for making that inquiry, the court’s order is premature to the extent that it requires petitioner to provide the state with wide ranging discovery and to submit to an examination conducted by an expert of the state’s choosing.
The question whether petitioner is entitled to the assistance of counsel during expert evaluation is also premature. However, this Court has notably found that “[tjhere is no requirement that defense counsel be permitted to be present during the defendant’s examination by a sanity commission as this is not a critical stage of the proceedings.” See, e.g., State v. Koon, 96-1208, p. 18 (La.5/20/97), 704 So.2d 756, 768. The application is therefore granted to vacate the district court’s order and to remand for further proceedings conducted *627 in accordance with State v. Dunn, 07-0878 (La.1/25/08), 974 So.2d 658.