NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-64

STATE OF LOUISIANA

VERSUS

DELANDS BROWN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 176609
HONORABLE ROYALE L COLBERT, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GUY E. BRADBERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Charles G. Fitzgerald, and Guy E. Bradberry, Judges.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**

**Donald D. Landry**
**District Attorney**
**Kenneth P. Hebert**
**Assistant District Attorney**
**Fifteenth Judicial District Court**
**P.O. Box 3306**
**Lafayette, LA 70501**
**(337) 232-5170**
**COUNSEL FOR:**
    **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Delands Brown**

**BRADBERRY, Judge.**

On July 29, 2020, Defendant, Delands Brown, was charged by grand jury indictment with first degree rape of a female under the age of thirteen, in violation of La.R.S. 14:42(4); intimidation of a witness, in violation of La.R.S. 14:129.1(A); and attempted intimidation of a witness, in violation of La.R.S. 14:27 and 14:129.1.

On October 13, 2020, Defendant pled not guilty. On July 19, 2022, Defendant proceeded to trial, and on July 22, 2022, the jury found Defendant guilty as charged on all counts. On October 19, 2022, the trial court sentenced Defendant to life imprisonment at hard labor without benefits for first degree rape, ten years at hard labor for intimidating a witness, and ten years at hard labor for attempted intimidation of a witness. The sentences were ordered to run concurrently.

A timely motion for appeal and designation of the record was filed and granted on October 19, 2022. Defendant is now before this court alleging two assignments of error regarding the trial court's failure to excuse prospective jurors for cause.

**FACTS**

In May 2020, Brandy Brown discovered her eleven-year-old daughter, K.T., was pregnant.[1] K.T. lied at first, claiming a white man had sex with her. However, a couple of weeks later, K.T. informed detectives that Defendant, her stepfather, had sex with her. K.T.'s baby was born in August 2020, and DNA tests determined Defendant was the father.

---

[1] Initials of the victim are used to protect her identity in accordance with La.R.S. 46:1844(W)(1)(a).

While incarcerated on the current charges, Defendant's phone calls were monitored, under standard practice, and Defendant can be overheard trying to influence his wife, Brandy Brown, into saying there was a syringe of his semen in the refrigerator and that K.T. injected herself. Defendant also wanted her to blame it on another individual they were acquainted with. Defendant attempted to do the same with K.T.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent. After reviewing the record, we find there is one error patent. Additionally, the minutes of sentencing and the Uniform Commitment Order are in need of correction.

The trial court incorrectly advised Defendant as to the time period for filing post-conviction relief when it informed Defendant that he had "two years to file a post-conviction relief petition." Louisiana Code of Criminal Procedure Article 930.8 requires the trial court to inform a defendant at sentencing that he has two years "after the judgment of conviction and sentence has become final" to seek post-conviction relief. We find the minutes of sentencing indicate the trial court advised Defendant that he had "two (2) years from the date the conviction becomes final to file post-conviction relief petitions." The sentencing transcript prevails when it conflicts with the sentencing minutes. *State v. Williams*, 15-498 (La.App. 3 Cir. 12/9/15), 181 So.3d 857, *writ denied*, 16-26 (La. 1/13/17), 215 So.3d 242. Accordingly, the trial court is instructed to inform Defendant of the correct provisions of article 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings.

2

Finally, the Uniform Sentencing Commitment Order and the minutes of sentencing are in need of correction. According to the transcript of sentencing, the trial court ordered the sentences for intimidating a witness (count two) and attempted intimidation of a witness (count three) to run concurrently with the life sentence imposed for first degree rape (count one). The minutes of sentencing, however, indicate the trial court ordered the sentences for counts two and three to run concurrently "with any other sentence" Defendant was serving. The Uniform Sentencing Commitment Order indicates the trial court ordered the sentences for counts two and three to run concurrently "with each other and any other sentence serving." Since the transcript prevails, the trial court is instructed to correct both the minutes of sentencing and the Uniform Sentencing Commitment Order to correctly reflect the trial court's order that the sentences imposed for counts two and three run concurrently with the life sentence imposed for count one, first degree rape.

## ASSIGNMENTS OF ERROR

In Defendant's two assignments of error, he argues the trial court abused its discretion in denying defense counsel's challenges for cause regarding two prospective jurors. Defendant asserts the two prospective jurors were not further rehabilitated, and since defense counsel exhausted peremptory challenges, the erroneous denial of the challenges constituted reversible error.

Defendant notes that under *State v. Hart*, 96-697 (La. 3/7/97), 691 So.2d 651, to prove reversible error warranting reversal of both conviction and sentence, a defendant need only show that there was an erroneous denial of a challenge for cause and he exhausted all of his peremptory challenges. Defendant also notes that under La.Code Crim.P. art. 797(2), the State or Defendant may challenge a

3

prospective juror for cause on the ground that "the juror is not impartial, whatever the cause of his partiality." This article further provides that "[a]n opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence[.]" La.Code Crim.P. art. 797(2).

Defendant notes the supreme court set forth the following standard for reviewing a trial court's denial of challenges for cause:

> A trial court is vested with broad discretion in ruling on challenges for cause, and its rulings will be reversed only when a review of the voir dire record as a whole reveals an abuse of discretion. Prejudice is presumed when a challenge for cause is denied erroneously by a trial court and the defendant ultimately exhausts his peremptory challenges. An erroneous ruling depriving an accused of a peremptory challenge is a substantial violation of his constitutional and statutory rights and constitutes reversible error. "A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably implied." However, a trial court does not abuse its discretion when it refuses to excuse a prospective juror on the ground he is not impartial where, after further inquiry or instruction, the potential juror has demonstrated a willingness and ability to decide the case impartially according to the law and evidence.

*State v. Scott*, 04-1312, pp. 16-17 (La. 1/19/06), 921 So.2d 904, 921, (citations omitted), *cert. denied*, 549 U.S. 858, 127 S.Ct. 137 (2006), *overruled on other grounds by State v. Dunn*, 07-878 (La. 1/25/08), 974 So.2d 658.

Defendant further notes that in *State v. Noel*, 15-617, p. 5 (La.App. 3 Cir. 12/9/15), 181 So.3d 223, 227, *rev'd on other grounds*, 16-43 (La. 10/18/17), 236 So.3d 523, this court held:

> When a defendant exposes the partiality of a juror, the juror may not be automatically excluded for cause. The state or the trial court may rehabilitate the juror by asking questions and obtaining answers

4

demonstrating the juror's ability to decide the case impartially pursuant to law and evidence. Ultimately, the trial court has the power to determine whether or not a juror may be excused for cause.

In his first assignment of error, Defendant argues juror Randall Thibodeaux should have been excused for cause. Defendant also argues in his second assignment of error that the trial court erred in denying counsel's challenge for cause regarding Kenneth Flood. Defendant asserts Mr. Flood was not sufficiently rehabilitated by the State or the trial court. Defendant argues his convictions and sentences should be reversed because his peremptory challenges were exhausted, and this error cannot be considered harmless.

In brief, the State asserts neither of the prospective jurors ever made any statements expressing a predisposition or opinion regarding the guilt or innocence of the accused. The State asserts both jurors made statements that their past would not impact their judgment. The State argues the mere statement that coming to a decision could be difficult does not require rehabilitation as long as there was no predisposition or partiality expressed. The State asserts the trial court did not err by refusing to excuse the prospective jurors because neither expressed partiality or a predisposition as to guilt or innocence.

During voir dire, Mr. Thibodeaux indicated he had previous experience as a juror in Acadia Parish regarding a civil case. Mr. Thibodeaux stated he deliberated, and the jury found for the plaintiff in an employment issue. When asked whether he could find Defendant guilty provided the State proved its case, Mr. Thibodeaux answered, "After listening to everybody, it's not just on me. It's the evidence - - it's on you. It's the evidence and everybody coming together and making a decision, after knowing all the facts."

5

The defense asked the prospective jurors whether they or a close family member had been the victim of a sexual crime. Defendant asserts many prospective jurors raised their hands, including Mr. Thibodeaux. Mr. Thibodeaux answered, "I had a stepdaughter in a previous marriage that was dealt with unappropriately [sic] by her father, but I don't think that - - would impact my judgment." We note the court reporter indicated in the transcript that Mr. Thibodeaux was shaking his head negatively when providing his answer. The defense followed up and asked, "It wouldn't affect you?" Mr. Thibodeaux responded by again shaking his head negatively. As voir dire continued, the defense asked the panel about believing a testifying child, and Mr. Thibodeaux responded, "All people lie and you have to just decide, with everything else, if it's a lie at that time or not." The court reporter indicated Mr. Thibodeaux shook his head in the negative when answering the defense's question regarding whether a child is telling the truth simply because they are testifying. When asked whether he could maintain his position and live with the consequences, Mr. Thibodeaux answered, "Yeah. I'm - - I'm pretty stubborn."

During the striking of the prospective jurors, defense counsel objected to Mr. Thibodeaux for cause and stated, "I believe Mr. Thibodeaux stated that he had a step-daughter. I think the facts, or the alleged facts mirror the same facts in this case." The State indicated Mr. Thibodeaux did not say what the facts were and did not tell them what was going on. Defense counsel said, "I believe he said that he had a step-daughter who was molested by the father, I think." The State replied, "I don't know if he said molested. I didn't hear anything like that. I didn't note that there was a sexual offense, or it if was just maybe a relationship or something between them. But, he did say he could follow the law." Defense counsel replied,

6

"He said it would be tough. He said - - a lot of them said that they would have to see the facts play out." The court in denying the challenge for cause noted, "And didn't he say he - - if you asked him right now, that he didn't know because he hadn't heard the facts."

In *State v. Harris*, 18-800, pp. 8-9 (La.App. 3 Cir. 6/5/19), 274 So.3d 178, 187-88 (alterations in original), *writ denied*, 19-1107 (La. 3/9/20), 294 So.3d 486, this court held:

> In *State v. Juniors*, 03-2425, pp. 7-8 (La. 6/29/05), 915 So.2d 291, 304-05, our supreme court stated:
>
> > Louisiana Constitution article I, § 17 guarantees to a defendant the right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. . . . When a defendant uses all twelve of his peremptory challenges, an erroneous ruling of a trial court on a challenge for cause that results in depriving him of one of his peremptory challenges constitutes a substantial violation of his constitutional and statutory rights, requiring reversal of the conviction and sentence. *See State v. Cross*, 93-1189, p. 6 (La. 6/30/95), 658 So.2d 683, 686; *State v. Bourque*, 622 So.2d 198, 225 (La. 1993), *overruled on other grounds by State v. Comeaux*, 93-2729 (La. 7/1/97), 699 So.2d 16. Prejudice is presumed when a challenge for cause is erroneously denied by a trial court and a defendant has exhausted his peremptory challenges. *State v. Robertson*, 92-2660 (La. 1/14/94), 630 So.2d 1278, 1280; *State v. Ross*, 623 So.2d 643, 644 (La. 1993). Therefore, to establish reversible error warranting reversal of a conviction and sentence, defendant need only demonstrate (1) the erroneous denial of a challenge for cause; and (2) the use of all his peremptory challenges. *Cross*, 93-1189 at 6, 658 So.2d at 686; *Bourque*, 622 So.2d at 225.
>
> Moreover, in *State v. Dotson*, 16-473, p. 17 (La. 10/18/17), 234 So.3d 34, 45-46, our supreme court stated:
>
> > Clearly, La. C.Cr.P. art. 797(2) does not require that a prospective juror state with absolute certainty that he/she cannot be impartial in order to be removed for cause. However, in the absence of such a statement, the trial court's denial of a challenge for cause will not be

reversed if, on review of the entire *voir dire* examination, the prospective juror demonstrates a willingness and ability to decide the case impartially according to the law and evidence. *[State v.] Passman*, 345 So.2d [874] at 880 [La. 1977)]. Reversal is appropriate only where it appears, upon review of the *voir dire* examination as a whole, that the trial judge's exercise of that discretion has been arbitrary or unreasonable, resulting in prejudice to the accused. *Id.; see [State v.] Dorsey*, 10-0216 at 28, [(La. 1977)] 74 So.3d at [603] 625; *State v. Lee*, 93-2810 (La. 5/23/94), 637 So.2d 102, 108. This standard of review is utilized "because the trial judge has the benefit of seeing the facial expressions and hearing the vocal intonations of the members of the jury venire as they respond to questions by the parties' attorneys." *Lee*, 93-2810 at 9, 637 So.2d at 108. "Such expressions and intonations are not readily apparent at the appellate level where review is based on a cold record." *Id.* As noted in *State v. Miller*, 99-0192 (La. 9/6/00), 776 So.2d 396, because of the "complicated and oftentimes daunting" task faced by a trial court in deciding "challenges for cause of prospective jurors who give equivocal . . . responses during *voir dire*," "an appellate court should accord great deference to the [trial] court's ruling on a challenge for cause, which is necessarily based, in part, on the court's personal observations during questioning." *Id.*, 99-0192 at 14, 776 So.2d at 405-06.

This court went on to further state:

*Dotson* admonishes trial courts to avoid seizing upon snippets of testimony in the evaluation of cause challenges. *Dotson,* 234 So.3d 34. Rather, the court is directed to examine the entire voir dire examination. In the present case, the trial court performed its function as *Dotson* admonished—it reviewed the voir dire examination as a whole.

As a reviewing court, *Dotson* cautions us to give great deference to the trial court's determination on challenges for cause because that resolution is based upon the trial court's personal observation during the entire voir dire examination. Abiding by that instruction in the present case, we cannot say the trial court exercised that discretion in an arbitrary or unreasonable manner to prejudice Defendant. Thus, we find no support for Defendant's assertion.

*Id*. at 189.

In the instant case, the record reflects the defense used all twelve peremptory challenges during the voir dire examination, and two of those peremptory challenges were raised because the trial court denied the defense's challenges for cause. Thus, the question to consider is whether the trial court made an erroneous ruling in denying the challenges for cause, which would then constitute a substantial violation of Defendant's constitutional and statutory rights. As indicated in the case law, a trial court's determinations on challenges for cause are given great deference because the trial court can personally observe the voir dire examination.

Defendant argues both the State and the trial court failed to rehabilitate Mr. Thibodeaux; however, we find this juror did not need to be rehabilitated at all. By defense counsel's own questioning, Mr. Thibodeaux essentially confirmed that he would not be affected or have his judgment impacted in this case based on the fact that his stepdaughter was abused by her father. The full examination reveals Mr. Thibodeaux indicated he had previous experience as a juror in a civil matter; that in order to find Defendant guilty he would listen to everybody, consider the evidence, hold the State to its burden, and come together with everybody to make a decision after knowing all of the facts; that he would not believe a child is telling the truth simply because they were testifying; that all people can lie so you have to decide at the time whether the person was lying to you; and he would maintain his position if he was the only person who felt a certain way. Based on the entirety of the voir dire examination, this court finds no need for Mr. Thibodeaux to have been rehabilitated. Mr. Thibodeaux's responses as a whole did not reveal facts from which bias, prejudice, or inability to render judgment according to the law

could be reasonably implied. Thus, we conclude the trial court did not abuse its discretion in denying the defense's challenge for cause as to Mr. Thibodeaux.

Regarding Mr. Flood, Defendant asserts that during voir dire, defense counsel asked if anyone would be biased towards children testifying and Mr. Flood stated he is "a father of a two-year-old and a seven-week-old, it would be hard, but I could be unbiased, based on the evidence." Defendant notes there was an exchange between prospective juror Ciedrick Jones, who was more vocal about being biased towards children and excused for cause, and Mr. Flood. Defendant asserts after Mr. Jones expressed his bias towards children by nodding his head, Mr. Flood was overheard telling Mr. Jones it would be tough for him too, after Mr. Flood had previously stated he would be unbiased and it would not affect him. For these reasons, Defendant asserts the trial court erred in denying defense counsel's challenge for cause regarding Mr. Flood. Defendant asserts Mr. Flood was not sufficiently rehabilitated by the State or the trial court. Therefore, Defendant asserts his convictions and sentences should be reversed because this error cannot be considered harmless.

During voir dire, the State explained the presumption of innocence and the burden of proof on the part of the State, and Mr. Flood said he would have no issues with following the law. The State posed several questions to the panel, and there was no indication that any members of the panel would not stick with their convictions and instead give in to the other members of the jury. Mr. Flood also indicated that he would have no issue deciding guilt or innocence if he knew the penalty was life in prison.

During the defense's questioning, members of the panel indicated they understood the presumption of innocence and no one, including Mr. Flood,

10

indicated they believed Defendant was guilty simply by sitting in the courtroom. The members of the panel as a whole, including Mr. Flood, indicated they would not have a problem finding Defendant not guilty if the State did not meet its burden. The defense then asked the panel if there would be a bias within them if a child testified and was a witness and was emotional in describing certain events. Mr. Flood answered, "As a father of a two-year-old and a seven-week-old, it would be hard, but I could be unbiased, based on the evidence." The panel then reaffirmed that they could stick to their decision, even though it may not be popular within the room.

This court finds the transcript does not reflect the exchange between Mr. Flood and Mr. Jones, as indicated by defense counsel. However, accepting that this exchange occurred, this court finds that Mr. Flood did not even need to be rehabilitated. As noted above, while Mr. Flood acknowledged it would be "hard" listening to a child victim's testimony, he affirmed his position that he would be unbiased and look to the evidence. Mr. Flood did not speak up when defense counsel asked the panel if they believed Defendant was guilty simply by being present in the courtroom. The transcript further reflects that the panel agreed they would not have a problem finding Defendant not guilty if the State did not meet its burden. Accordingly, Mr. Flood's responses as a whole did not reveal facts from which bias, prejudice, or inability to render judgment according to the law could be reasonably implied. Since the trial court's determinations on challenges for cause are given great deference, this court concludes the trial court did not abuse its discretion in denying the defense's challenge for cause as to Mr. Flood.

Accordingly, we find Defendant's two assignments of error lack merit and affirm Defendant's convictions and sentences.

11

## CONCLUSION

For these reasons, we affirmed Defendant's conviction and sentences. However, we remand this matter to the trial court to inform Defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings. Additionally, the trial court is instructed to correct both the minutes of sentencing and the Uniform Sentencing Commitment Order to correctly reflect the trial court's order that the sentences imposed for counts two and three run concurrently with the life sentence imposed for count one.

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.